## J. W. BLASDELL *v*. THE STATE.

INFORMATION — ILLEGAL PRACTICE OF MEDICINE. — If there be exceptions contained in the same clause of an act which creates the offence, the indictment must show, negatively, that the defendant, or the subject of the indictment, does not come within the exceptions. But if an exception or proviso be in a subsequent clause or statute, or, although in the same section, if it be not incorporated with the enacting clause by any words of reference, it is in that case matter of defence, and need not be negatived

in the pleading. The *provisos* of "An act to regulate the practice of medicine" (Gen. Laws 1876, p. 231), are not properly exceptions, and need not be negatived in an information.

APPEAL from the County Court of San Jacinto. Tried below before the Hon. G. W. McKellar, County Judge.

The conviction was for violation of the act "regulating the practice of medicine in this State." Gen. Laws 1876.

*Denson & Turnley*, for the appellant. The court should have sustained the demurrer to the information and dismissed the case, for the information was clearly insufficient to warrant a prosecution.

It will be perceived that the law makes the following exceptions to its operation, viz. :

1. "*Provided*, that nothing in this act shall be so construed as to apply to those who have been regularly engaged in the general practice of medicine under the act of May 16, 1873.

2. "*Provided*, that nothing contained in this act shall be so construed as to apply to those who have regularly engaged in the general practice of medicine in this State, in any of its branches or departments, for a period of five consecutive years prior to the 1st day of January, 1875 ; nor to those who have obtained certificates of qualification under said law ; nor to females who follow the practice of midwifery, strictly as such." Acts Fifteenth Legislature, 232, sec. 5.

The rules governing informations prescribe the same requisites in charging the offence as in indictments.

In *Duke* v. *The State*, 42 Texas, 459, the Supreme Court say : "The rule regulating indictments for violation of statutes, which is believed to be of universal acceptance, may be stated to be : when an offence is created by statute, and there is an exception in the enacting clause, the indict-

ment must negative the exception. 1 Bishop's Cr. Proc., sec. 382, note 3, sec. 376; 1 Whart. Cr. Law, sec. 379; *Hewitt* v. *The State,* 25 Texas, 722. The reason of this rule is that such exceptions constitute a part of the description of the offence, and unless they are negatived no offence is stated. The indictment must state such facts as constitute a crime." Bishop's Stat. Cr., secs. 369–371.

The case above referred to was a prosecution under the law which " regulates the keeping and bearing of deadly weapons." The exceptions are as follows : " *Provided,* that this section shall not be so construed as to prohibit any person from keeping or bearing arms on his or her own premises, or at his or her own place of business ; nor to prohibit sheriffs, or other revenue officers, and other civil officers, from keeping or bearing arms while engaged in the discharge of their official duties ; nor to prohibit persons travelling in the State from keeping or bearing arms with their baggage." Pasc. Dig., art. 6512. This act is exactly similar to the one under consideration, and the exceptions not having been stated in the indictment, it was held to be defective.

Whether the defendant had complied with the act of May 16, 1873, or had been practising medicine more than five years consecutively in this State prior to January 1, 1875, made no difference under the information in this cause. If he pleaded either exception, it would have been outside of the issues presented by the information, and could not avail him. This comprehensive information would reach the midwife, whom the Legislature thought fit to exempt as a " sacred visitor at a crisis in the affairs of men."

*George McCormick,* Assistant Attorney-General, for the State.

WINKLER, J. The appellant was prosecuted by information, in the County Court, for an alleged violation of the act of the Fifteenth Legislature (Gen. Laws 1876, p. 231) entitled "*An act to regulate the practice of medicine.*"

The first and most material ground relied on for a reversal of the judgment is that the information, as stated in the defendant's exceptions, " does not contain the allegations necessary and material to constitute the offence charged in the statute." The substance of this exception, as gathered from the argument of counsel for the appellant, is that the information does not charge, by proper negative averments, that the accused does not come within the two *provisos* appended to the fifth section of the act. It is urged, in behalf of the appellant, that these provisos enter into the statutory definition of the offence, and that, therefore, they should have been properly negatived in the information, and that an omission to so charge vitiates it; and bases his argument mainly on *The State* v. *Duke*, 42 Texas, 455, and authorities there cited. After a careful examination of the case, in the light of the authorities cited in support of the opinion, we find nothing contained in it from which we dissent. On the contrary, we are of opinion that it is not only an able and lucid, but an accurate enunciation of the law of that case, and a correct construction of the statute to which it applies. In so far as that case lays down the general rules applicable to declaring upon statutes generally, the rulings made in that case apply to the present, so far as that branch of the subject is concerned, inclusive of the general rule there stated, and which was believed to be of *universal application*, viz. : " When an offence is created by statute, and there is an exception in the enacting clause, the indictment must negative the exception." Further than this, that case supports the position of the appellant, or not, as the statute

there construed is similar or dissimilar to the statute we are considering.

The rules of construction there adopted apply here, by analogy, to the extent that the two statutes are similar ; but if the two statutes are so entirely dissimilar, then that case would have no analogy to the present case, and the rule of construction would not apply.

The act construed in Duke's case was that well known as the six-shooter law. The portion of the act which was held to be the enacting clause, and on which it was held that the exceptions therein contained should be negatived in the indictment, is copied in the opinion. By reference thereto, it will be seen that the exceptions therein in favor of certain persons mentioned are so entirely connected in the *enacting clause* as that the pleader could not well set out the offence in the language of the statute without noticing the exceptions. It is worthy of remark, too, the precise grounds upon which it was held that the exceptions come within the enacting clause. The court say : "Regarding the form and the place which these regulations occupy in this very loosely drawn statute as not affecting their real nature, or the essential parts of the description of the offence, we hold that it was necessary that the indictment should substantially negative that the pistol was carried by a person, or at a place, or under circumstances allowed by the statute."

It is apparent that the ruling was based upon the intimate connection between the statement of the offence and the exceptions thereto. Another distinction should be borne in mind : that is, that in Duke's case the constitutionality of the act was materially involved, whilst in the present case no such question is raised. And still another : that was a statute to regulate the manner of doing a thing which, ordinarily, all men had a right to do, whilst here the

general scope of the statute was to bring all men under its provisions.

With reference to the statute we are considering, the first section provides " that no person shall be permitted to practice medicine, in any of its branches or departments, in this State, without first having a certificate of qualification from some authorized board of medical examiners, as herein provided."

The second section prescribes the mode of proceeding required of the practitioner, and like subjects. The third section makes provision for the appointment of a board of medical examiners, the subjects upon which applicants shall be examined, and for granting and recording certificates of qualification. Section 4 relates to the boards, and how they shall proceed in the discharge of their duties, and the like; and the fifth section provides, first, the consequences for violating any of the provisions of the act, and the amount of penalty attaching; second, it directs how the fine shall be disposed of; third, it makes it the duty of district judges to give the act in charge to grand juries, which is followed by the two provisions in question, and which, it is contended, should have been negatived, to wit: " Provided, that nothing in this act shall be so construed as to exclude or disqualify any person who may have been already qualified for the practice of medicine under the act of May 16th, 1873; provided, that nothing in this act shall be so construed as to apply to those who have been regularly engaged in the general practice of medicine in this State, in any of its branches or departments, for a period of five consecutive years in this State, prior to the first day of January, 1875, nor to those who have obtained certificates of qualification under said act, nor to females who follow the practice of midwifery, strictly as such."

We are of opinion that there can be no room for contro-

versy that, on the vital point under consideration, between this and the six-shooter law, the two are entirely dissimilar. There, the exceptions run along with the enacting clause, as understood by the Supreme Court; here, the features of the statute involved are not *exceptions proper*, nor so connected as to be inseparable from the provisions. So that the case cited and relied on for a reversal seems to us to tend the other way; and by it, on the reasoning given, these *provisos* cannot be held to be embraced within the enacting clause, as that phrase is employed in the books, so as to render it necessary on that account to negative by averment the subjects thereof.

A standard authority lays down this rule: "When the subject of the indictment cannot be brought within the meaning of the statute without the aid of extrinsic evidence, it is necessary, besides charging the offence in the words of the statute, to aver such facts and circumstances as may be necessary to bring the matter within the meaning of it. Matt. Dig. 200, 275; 2 Leach, 664; 2 East P. C. 928. And if there are any exceptions contained in the same clause of an act which creates the offence, the indictment must show, negatively, that the defendant, or the subject of the indictment, does not come within the exception. Id. 275; 1 Texas, 141; 15 East, 456; 1 id. 643; — Leach, 580; Russ. & R. 174, 321. But if an exception or proviso be in a subsequent clause or statute (1 Texas, 320), or, although in the same section, yet if it be not incorporated with the enacting clause by any words or reference (1 Barn. & Ald. 94), it is, in that case, matter of defence for the other party, and need not be negatived in the pleading. Matt. Dig. 276; Arch. Cr. Pl. 48; 3 Ch. Burn's J. 456; Arch. Cr. Pr. & Pl., Waterman's notes, 6th ed., 86–2, note 2.

It is said by another: " The reason of the rule under consideration is, to use the language of Metcalf, J., simply

this : ' Unless the exception in the enacting clause of a statute, or in the general clause of a contract, is negatived in pleading the clause, no offence or no cause of action appears in the indictment or declaration, when compared with the statute or contract.  Plow. 410.  But when the exception or provision is in a subsequent substantive clause, the case provided for in the enactment or general clause may be fully stated without negativing the subsequent exception or proviso.  A *prima facie* case is stated, and it is for the party for whom matter of excuse is furnished by the statute or the contract to bring it forward in his defence.' "    1 Bishop's Cr. Proc., sec. 639, note 2, citing *The Commonwealth* v. *Hurt*, 11 Cush. 130.

From these authorities we conclude that the two *provisos* appended to the fifth section of the act under consideration are not necessarily to be considered as being within the enacting clause ; that any act which would violate the provisions of the act could be set out substantially in the language of the act, without noticing the matter contained in the *provisos;* and, therefore, in declaring upon the statute, either by indictment or information, it would not be obligatory upon the pleader to negative by averment any person or matter embraced in these *provisos*, or either of them ; and that the matters embraced in the *provisos* are properly matters of defence.  It is hardly to be supposed that a prosecuting attorney would go to the trouble to charge one coming clearly within either of the *provisos;* but if this should be done, no injury could result, as the party charged would most likely know his particular privilege under the law, and how to plead it to better advantage than the State could prove a negative.  The proof required would be admissible under the plea of " not guilty."

We do not deem it necessary to consider specially any of the other errors complained of.

Both the information and the charge of the court are ob-

noxious to criticism.   Still, the former is believed to be·
sufficient to put the accused upon his defence, and to sup-
port a conviction for a misdemeanor ; and the latter, though
somewhat confused, could hardly have misled the jury in
their finding.   There was a sufficiency of competent testi-
mony properly admitted to support the verdict and judg-
ment, and we find nothing to warrant a reversal.

The judgment of the County Court is affirmed.

*Affirmed.*